STATE, Respondent, v. GIPSON, Appellant.
SAME, Respondent, v. MAUCH, Appellant.
SAME, Respondent, v. CRACHY, Appellant.

*January 10—February 4, 1964.*

. . .

For the appellants there was a brief by *Jack McManus* and *J. Philip Elliott, Jr.,* both of Madison, and oral argument by *Mr. Elliott.*

GORDON, J. The learned trial judge determined that replevin was the proper remedy to obtain possession of the property in question. Our reading of sec. 963.04, Stats., requires a different conclusion.

If a criminal action has been instituted, the court in which such action is pending would be the court to which an application for disposition of the property should be made under sec. 963.04, Stats. However, if no criminal action is extant in the county in which the property is being held, the applicant would be entitled to address his demand for disposition to any court in the county having jurisdiction over crimes.

The property in the instant case was seized attendant to the men's arrests as fugitives from justice for the purposes of extradition. Whether or not this constituted a "criminal action" in Dane county pursuant to sec. 260.05, Stats., it is clear that the county court of Dane county, upon motion, had jurisdiction to resolve the proper disposition of this personal property since such court has jurisdiction to hear and determine criminal matters.

We believe that sec. 963.04, Stats., was intended to have broad scope in regard to seized property of accused persons. This view is supported by the fact that in the Comment of the Advisory Committee, 1949, in 1960 Wisconsin Annotations, p. 1929, relative to this section of the statutes, there appears the following:

"The present statutes do not adequately provide for disposition of property seized in all cases. An attempt is made here to cover all conceivable cases."

Sub. (9) of sec. 963.04, Stats., contemplates that "useful articles be returned to their owners." No contention is made in the instant case that the property seized falls beyond this statutory language, and also there is no contention that the property was required to be held for the purpose of being produced as evidence at some future trial.

*By the Court.*—Order reversed, and cause remanded to the county court, with instructions to proceed under sec. 963.04, Stats.